The Legislature, in passing the act of 1812, clearly understood that all equitable interests were not included, and thereby subjected to sale at execution; for they add a separate clause, to render liable equities of redemption.
This act is literally copied from 29 Car. II., including personal estate, which was not within the statute of Charles. In construing that act the courts held that it did not extend to an equity of redemption: and this our Legislature seems to have been apprised of, from the circumstance of the additional clause. At all events, it would seem that the Legislature were aware that the statute, when adopted, would retain the same construction which had been put upon it. It, therefore, does not extend to every species of equitable interest in the nature of a trust; but the difficulty is in defining, distinctly, its limits. Lyster v. Dolland, Ves., Jr., is, at best, but a dark one. The chancellor assigns no reason why an equity of redemption is not extendable; but contents himself with saying that at first he had supposed the words of the statute were much larger, namely, that they were "equitable interests," but upon reading it finds his mistake, *Page 452 
and that it does not extend to an equity of redemption. The design of the Legislature certainly was to free and discharge those equitable estates from the control of the legal holder when, by so doing, no injury or inconvenience was to be produced to others; for, in a case where their meaning is not clear and definite, we are bound to put such construction upon their acts as shall be consistent with justice and reason. The effect of determining that the interest of the next of kin is liable under this act would be entirely to exclude the claim of creditors and other next of kin, or of annihilating the administrator (at least pro tanto), and substituting in his stead as many trustees for the creditors and next of kin of the (629) deceased as there should be purchasers of the property sold, and that without any security but their own solvency. This would be so monstrous and would produce such confusion in the manner of applying and accounting for the assets as should, without clear and manifest intent, prevent such interpretation. And it makes no difference that there were no debts, for the essential quality of the estate is the same, whether there be debts or not. And, moreover, the next of kin can, in no instance, receive his ratable part without giving the refunding bond required by an act of Assembly. Were it not that the act declares the purchaser shall hold the estate "free and discharged" from the encumbrance of the trustee, I should have thought there was no difficulty, and that the purchaser would have acquired precisely what the defendant in the execution had, and stood in his shoes; in which case the legal dominion of the property must remain with the administrator till compelled to surrender it. And, possibly, this may be still the sound construction. But as to that, I will give no opinion. I should think, however, that the fair construction of the act was only to affect express trusts and leave undisturbed those equitable interests in the nature of trusts. In whatever way the case is considered, it appears to me there must be
Judgment for the plaintiff.
HALL, J., LOWRIE, J., DANIEL, J., and RUFFIN, J., were of the same opinion.
TAYLOR, C. J., gave no opinion.
NOTE. — See Dozier v. Muse, 9 N.C. 482; Moore v. Duffy, 10 N.C. 578;Browne v. Gaves, 11 N.C. 342; Harrison v. Battle, 16 N.C. 537;Mordecai v. Parker, 14 N.C. 425; Gillis v. McKay, 15 N.C. 172; McKay v.Williams, 21 N.C. 398; Camp v. Coxe, 18 N.C. 52; Henderson v. Hoke,21 N.C. 119; Tharpe v. Ricks, ibid., 613. *Page 453 
(630)